**UNITED STATES of America,**
**Plaintiff,**

v.

**SOUTHERN PACIFIC COMPANY,**
**Defendant.**

**No. Civ. 183.**

United States District Court
D. Arizona.

Nov. 21, 1968.

tive brakes is subject to the penalty provisions of 45 U.S.C. §§ 6 and 13.

The stipulated facts * in this case disclose that the train involved herein was originally made up at Globe, Arizona, and that the cars described in Counts 1 through 4 of the Complaint were hauled as part of the train from Globe to Tucson, Arizona, when the brakes thereon were defective. Accordingly, plaintiff is entitled to recover of and from defendant the sum of $250.00 on each of Counts 1 through 4 of the Complaint, together with plaintiff's costs of suit.

The clerk will enter judgment forthwith in favor of plaintiff and against defendant in the sum of $1,000, together with plaintiff's costs of suit; and judgment, further, that plaintiff take nothing by reason of Counts 5, 6, and 7 of its Complaint and that the same are dismissed.

Richard C. Gormley, U. S. Atty., for plaintiff.

Evans, Kitchel & Jenckes, by Ralph J. Lester, Phoenix, Ariz., for defendant.

### DECISION AND ORDER FOR JUDGMENT

JAMES A. WALSH, Chief Judge.

The court concludes, as a matter of law, that the proviso contained in 45 U.S.C. § 13 does not apply to a train which contains cars with brakes that are defective at the time the train leaves the initial terminal, i. e., where the train is originally made up. In other words, a carrier who permits a train to depart the initial terminal when cars therein have defec-

### APPENDIX

FILED

AUG 16 1968

WM. H. LOVELESS, CLERK
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
BY _____
Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, Plaintiff, v. SOUTHERN PACIFIC COMPANY, Defendant. | CIVIL NO. 183-Globe STIPULATION |

The above cause was to have been tried by the Court on August 13, 1968. In lieu thereof the parties have agreed upon THE QUESTION and THE FACTS, as stated hereinafter, and agree that the cause be submitted thereon to the Court for decision, together with separate memoranda to be submitted by respective counsel.

---

* See Appendix.

**574**

## THE QUESTION

The question in this case is the applicability of the proviso contained in 45 U.S.C.A. § 13, which reads as follows:

"Any common carrier subject to sections 11–16 of this title using, hauling, or permitting to be used or hauled on its line, any car subject to the requirements of said sections not equipped as provided in said sections, shall be liable to a penalty of $250 for each and every such violation, to be recovered as provided in section 6 of this title: *Provided,* That where any car shall have been properly equipped, as provided in sections 1–16 of this title, and such equipment shall have become defective or insecure while such car was being used by such carrier upon its line of railroad, such car may be hauled from the place where such equipment was first discovered to be defective or insecure to the nearest available point where such car can be repaired, without liability for the penalties imposed by this section or section 6 of this title, if such movement is necessary to make such repairs and such repairs cannot be made except at such repair point; * * *."

## THE FACTS

The undisputed facts are:

1. That defendant is a common carrier engaged in interstate commerce by railroad in the State of Arizona and elsewhere.

2. That defendant hauled on its line of railroad, over a part of a highway of interstate commerce, certain freight cars, on February 15, 1967, from Globe, Arizona to Tucson, Arizona, with certain defects under the Federal Safety Appliances Act (Title 45 U.S.C.A. §§ 1–10), as described in plaintiff's complaint.

3. Said defects were discovered by plaintiff and defendant at Globe, Arizona prior to departure of the train of which subject cars were a part.

4. Subjects cars had been properly equipped and become defective while being used by the defendant upon its line of railroad.

5. That subject cars were not discovered by anyone to be defective prior to their arrival at Globe, Arizona.

6. That subject cars were hauled to Tucson, Arizona for repairs, and that Tucson, Arizona was the nearest available point where they could be repaired, and that such movement was necessary to make repairs and such repairs could not be made except at that point.

7. There were no facilities at Globe or between Globe and Tucson for repairing said defects.

8. Said train was originally made up at Globe, Arizona when the defects in question were discovered.

9. Upon discovering the defects at Globe, defendant ordered the train and all its cars to Tucson for repairs, even though some of the cars were not originally destined to Tucson; some had been destined to El Paso and other points East. The purpose of sending the train to Tucson was not to transport freight, but to make repairs.